IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDREW KAPLAN,
on behalf himself and all others
similarly situated,

Plaintiff,

v.

ASSETCARE, INC., COLUMBIA/HCA
HEALTHCARE CORPORATION,
d/b/a COLUMBIA
AVENTURA HOSPITAL
& MEDICAL CENTER,
and Does 1 through N,

Defendants.
_______________________________/

CASE NO.: CIV-DAVIS

MAGISTRATE JUDGE JOHNSON

FILED BY ___ D.C.
99 FEB 16 PM 2:23

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CONSUMER COLLECTION PRACTICES ACT AND THE DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiff, ANDREW KAPLAN ( "Kaplan"), by and through his undersigned attorneys, files this Complaint against Defendants, ASSETCARE, INC., ( "AssetCare") and DOES 1 THROUGH N, for their violations of the Fair Debt Collection Practices Act and the Consumer Collection Practices Act; and COLUMBIA/HCA HEALTH CARE CORPORATION ("Columbia") d/b/a COLUMBIA AVENTURA HOSPITAL & MEDICAL CENTER ("Columbia Aventura"), for violations of Florida's Deceptive and Unfair Trade Practices Act. Kaplan brings this action both individually and on behalf of three classes.

**INTRODUCTION**

1. This action seeks redress for the illegal practices of AssetCare, Inc., and Does 1 through N, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This action also seeks redress under the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 to 559.785 ("FCCPA") and under Florida's Deceptive

SCANNED

and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et. seq.* ("FDUTPA"), against AssetCare and against Columbia/HCA Healthcare Corporation, d/b/a Columbia Aventura Hospital and Medical Center.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District because the acts and transactions that give rise to this cause occurred, in substantial part, in this District. Each of the Defendants transact business in this District. Plaintiff resides at 16750 NE 10th Avenue, Unit 30, North Miami Beach, Florida 33162, also in this District.

4. Kaplan is a citizen of the State of Florida who resides within this District. He is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) of the FDCPA, as the alleged debt that AssetCare sought to collect from him is a consumer debt purportedly owed to Aventura. He is also a "debtor" or "consumer" as those terms are defined by § 559.55(2) of the FCCPA, as Aventura attempted to collect an alleged debt from him.

5. Defendant AssetCare, a Georgia corporation, is a collection agency. AssetCare has offices located at 9050 Pines Boulevard, Suite 207, Pembroke Pines, Florida 33024.

6. AssetCare is regularly engaged in the collection of debts allegedly owed by consumers. AssetCare is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6) of the FDCPA and § 559.55(6) of the FCCPA.

7. Columbia/HCA Healthcare Corporation is a Tennessee corporation which operates 345 hospitals and surgery centers nationwide. It also operates and makes collections decisions on behalf of Columbia Aventura. It is the largest hospital company in the United States.

8. Columbia Aventura is a health care provider located at 20900 Biscayne Boulevard, Aventura, Florida 33160. Columbia Aventura is a "creditor" as that term is defined by § 559.55(3) of the FCCPA.

9. Columbia's centralized patient account services department is responsible for and oversees Columbia Aventura's billing functions, including its functions for collecting delinquent accounts. Thus, decisions with regard to collecting delinquent bills are made by Columbia.

## ALLEGATIONS OF FACT

10. Some time before January 21, 1998, Kaplan received medical treatment at Columbia Aventura, which was covered, at least in part, by an HMO health care plan Kaplan held with Sunrise Healthcare ("Sunrise").

11. On information and belief, at the time Columbia Aventura rendered medical services to Kaplan, Columbia Aventura had a contract with Sunrise to bill it and other HMOs in Florida.

12. At all times relevant hereto, the Florida Insurance Code, Fla. Stat. Chapters 624 through 632, 634,635, 637, 638, 641, 642, 648 and 651, was in full force and effect in the State of Florida. Section 641.315(3) of the Florida Insurance Code states:

> No provider of services or any representative of such provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO and no provider or representative of such provider may maintain any action at law against a subscriber of an HMO to collect money owed to such provider by an HMO.

13. Some time before December 9, 1997, and on a date better known to Columbia Aventura, Columbia Aventura attempted to collect money from Sunrise for medical services Columbia Aventura rendered to Kaplan.

14. Some time after December 9, 1997, Kaplan received a letter dated December 9, 1997, bearing Columbia Aventura's letterhead, attempting to collect money from him for services purportedly covered by his HMO. (*See* Exhibit A attached hereto.)

15. As Columbia Aventura's December 9, 1997 letter attempts to collect money from an HMO subscriber for services covered by an HMO, Columbia Aventura has violated § 641.315(3) of the Florida Insurance Code.

16. Some time before January 21, 1998, and on a date better known to AssetCare, AssetCare attempted to collect money from Kaplan for medical services Aventura rendered to Kaplan.

17. Some time after January 21, 1998, Kaplan received a collection letter dated January 21, 1998 bearing AssetCare's letterhead, attempting to collect money from him for services purportedly covered by his HMO. (*See* Exhibit B attached hereto.)

18. As AssetCare's January 31, 1998 letter attempts to collect money from an HMO subscriber for services covered by an HMO, AssetCare has violated § 641.315 (3) of the Florida Insurance Code.

19. Kaplan also received letters on AssetCare's letterhead dated March 23, 1998; May 15, 1998; June 5, 1998; and June 29, 1998 (*see* composite Exhibit C attached hereto) all which attempt to collect an alleged debt in violation of § 641.315 (3) of the Florida Insurance Code.

**COUNT I**

**VIOLATIONS OF THE FDCPA AGAINST**
**<u>ASSETCARE AND DOES 1 THROUGH N</u>**

20. Plaintiff realleges and incorporates herein by reference, paragraphs 1-19 as if set forth fully herein, on behalf of himself and all others similarly situated.

21. This count is brought on behalf of a Class ("Class A"), consisting of all persons nationwide, who received a collection letter on AssetCare's letterhead, or who received letters from agencies currently unknown but included herein as Does 1 through N; which letters sought to collect an alleged debt on behalf of Columbia Aventura from a beneficiary of an insurance provider, in violation of §641.315 (3) of the Florida Insurance Code; within one year prior to the filing of this action; and which communications were not returned by the postal service as undelivered.

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case based on the following:

(A) Because the collection letters that form the basis of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical. Defendants have information as to the precise number of mass-mailed form letters and can readily identify each class member from their records..

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. These questions include:

(i) Whether AssetCare and other entities who attempt to collect money for services covered by an HMO are "debt collectors;"

(ii) Whether Kaplan and other class members are "consumers;"

(iii) Whether the form collection letters sent by AssetCare and other unknown entities violate §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) of the FDCPA by attempting to collect sums AssetCare is prohibited by the Florida Insurance Code, § 641.315(3), from attempting to collect.

(C) Kaplan's claims are typical of the class members' claims. All claims are based on the same facts and legal theories.

(D) Kaplan will fairly and adequately represent the class members' interests.

(E) Kaplan has retained counsel experienced in bringing class actions and collection abuse claims.

(F) Kaplan's interests and the interest of Kaplan's counsel are consistent with and not antagonistic to those of the members of the class.

23. A class action is superior to individual actions for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, Plaintiff will seek to certify Class A pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Section 641.315(2) of the Florida Insurance Code provides that "no subscriber of an HMO shall be liable to any provider of health care services for any services covered by the HMO."

26. Section 641.315(3) of the Florida Insurance Code states that "no provider of services or any representative of such provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO."

27. Defendants violated §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) of the FDCPA by mass-mailing collection letters, such as Exhibit B, as §§ 641.315(2) and 614.315(3) of the Florida Insurance Code makes it illegal for AssetCare to collect or attempt to collect such sums.

28. AssetCare is therefore liable to Kaplan and the members of the Class.

WHEREFORE, Plaintiff, Kaplan, respectfully requests that this Court grant the following relief in his favor and on behalf of the members of Class A and against Defendant AssetCare and Doe 1 through N, jointly and severally, as follows:

(a) The maximum statutory damages provided by § 1692k of the FDCPA;

(b) Attorneys' fees, litigation expenses and costs;

(c) A declaration that Defendants' practice of sending letters such as the one attached as Exhibit A, violates the FDCPA; and

(d) Any such other relief that this Court deems appropriate and just under the circumstances.

**COUNT II**

**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST ASSETCARE AND DOES 1 THROUGH N**

29. Plaintiff realleges and incorporates herein by reference, paragraphs 1-19 as if set forth fully herein on behalf of himself and all others similarly situated.

30. This count is brought on behalf of a Class ("Class B"), consisting of all persons residing in Florida, who received a collection letter on AssetCare's letterhead or who received letters from collection agencies currently unknown but included herein as Does 1 through N; who sought to collect an alleged debt from a beneficiary of an insurance provider in violation of §641.315 (3) of the Florida Insurance Code on behalf of Columbia Aventura; within four years prior

to the filing of this action; and which communications were not returned by the postal service as undelivered.

31. Pursuant to Florida Rule of Civil Procedure 1.220, a class action is appropriate and preferable in this case based on the following:

(A) Because the collection letters that form the basis for this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical. Defendants have information as to the precise number of mass-mailed form letters and can readily identify each class members from their records.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. These questions include:

(i) Whether AssetCare and other entities who attempted to collect money for services covered by an HMO are "debt collectors" within the meaning of Fla. Stat. §559.55(6)

(ii) Whether Kaplan and other class members are "debtors" or "consumers" within the meaning of Fla. Stat. §559.55(2);

(iii) Whether the form collection letters sent by AssetCare and other unknown entities violate §559.72(9) of the FCCPA by attempting to collect sums AssetCare is prohibited by §641.315 (3) of the Florida Insurance Code from attempting to collect.

(C) Kaplan's claims are typical of those of other class members. All claims are based on the same facts and legal theories.

(D) Kaplan will fairly and adequately represent the class members' interests.

(E) Kaplan has retained counsel experienced in bringing class actions and collection abuse claims.

(F) Kaplan's interests and the interests of Kaplan's counsel are consistent with and not antagonistic to the members of the class.

32. A class action is superior to individual actions for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, Plaintiff will seek to certify Class B pursuant to Rule 1.220 (b)(3) of the Florida Rules of Civil Procedure.

34. Section 641.315(2) of the Florida Insurance Code provides that "no subscriber of an HMO shall be liable to any provider of health care services for any services covered by the HMO."

35. Section 641.315(3) of the Florida Insurance Code states that "no provider of services or any representative of such provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO."

36. Defendants violated § 559.72(9) of the FCCPA by mass-mailing collection letters which attempted to enforce debts which were not legitimate, such as Exhibit B, as §§ 641.315(2) and 641.315(3) of the Florida Insurance Code make it illegal for AssetCare to collect or attempt to collect such sums.

37. AssetCare is therefore liable to Kaplan and the members of the Class.

WHEREFORE, Plaintiff, Kaplan, respectfully requests that this Court grant the following relief in his favor and on behalf of the members of Class B and against Defendant AssetCare and Does 1 through N, jointly and severally, as follows:

(a) The maximum statutory damages provided by § 559.77 of $500.00 per class member per violation or actual damages, whichever is greater;

(b) Attorneys' fees, litigation expenses and costs, and punitive damages as provided by §559.77, to deter such conduct in the future; disgorgement of any moneys collected from consumers as a result of Defendants' violation of the Florida Insurance Code, §641.315(3); injunctive relief restraining AssetCare from collecting money in violation of the Florida Insurance Code, §641.315(3); any such other relief that this Court deems appropriate and just under the circumstances.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AGAINST ASSETCARE, DOES 1 THROUGH N, COLUMBIA AVENTURA AND COLUMBIA

38. Plaintiff realleges and incorporates herein by reference, paragraphs 1-19 as if set forth fully herein, on behalf of himself and all others similarly situated.

39. This count is brought on behalf of a Class ("Class C"), consisting of all persons residing in Florida who received a collection letter on AssetCare's or Columbia Aventura's letterhead or who received letters from collection agencies currently unknown but included herein as Does 1 through N; who, on behalf of Columbia Aventura, sought to collect an alleged debt from a beneficiary of an insurance provider in violation of §641.315 (3) of the Florida Insurance Code; within four year prior to the filing of this action; and which communications were not returned by the postal service as undelivered.

40. Pursuant to Florida Rule of Civil Procedure 1.220, a class action is appropriate and preferable in this case, based on the following:

(A) Because the collection letters that form the basis of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical. Defendants have information as to the precise numbers of mass-mailed form letters and can readily identify each class member from their records.

(B) There are questions of law and fact common to Class C and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Columbia Aventura or its agents violated Florida's Deceptive and Unfair Trade Practices Act § 501.201 ("FDUTPA"), by attempting to collect sums from consumers Columbia Aventura is prohibited by the Florida Insurance Code, §§ 614.315(2) and 641.315(3), from attempting to collect.

(C) Kaplan's claims are typical of the class members' claims. All are based on the same facts and legal theories.

(D) Kaplan will fairly and adequately represent the class member's interests.

(E) Kaplan has retained counsel experienced in bringing class actions and collection abuse claims.

(F) Kaplan's interests are consistent with and not antagonistic to the members of the class.

41. A class action is superior to individual actions for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying

adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, Plaintiff will seek to certify Class C pursuant to Rule 1.220(b)(3) of the Florida Rules of Civil Procedure.

43. Section 641.315(2) of the Florida Insurance Code provides that "no subscriber of an HMO shall be liable to any provider of health care services for any services covered by the HMO."

44. Section 641.315(3) of the Florida Insurance Code states that "no provider of services or any representative of such provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO."

45. FDUTPA prohibits "unconscionable acts or practices." Fla. Stat. § 501.204(1).

46. As §§ 641.315(2) and 641.315(3) of the Florida Insurance Code make it illegal for Columbia Aventura to attempt to collect such sums directly from consumers, Columbia Aventura's violation of the Florida Insurance Code is also a *per se* violation of FDUTPA, Fla. Stat. §501.204(1).

47. Columbia Aventura and its parent, Columbia, are therefore liable to Kaplan and the members of Class C.

WHEREFORE, Plaintiff, Kaplan, respectfully requests that this Court grant the following relief in his favor and on behalf of the members of Class C and against Defendants AssetCare, Does 1-N, Columbia Aventura and Columbia, jointly and severally, as follows:

(a) The maximum statutory damages provided by Fla. Stat. § 501.2075;

(b) Actual damages pursuant to Fla. Stat. § 501.211;

(c) Attorneys' fees, litigation expenses and costs, pursuant to Fla. Stat. § 501.2105;

(d) Disgorgement of any money collected from consumers in violation of § 641.315(3) of the Florida Insurance Code;

(e) Injunctive relief restraining Columbia Aventura and Columbia from collecting or attempting to collect money directly from consumers in violation of § 641.315(3) of the Florida Insurance Code;

(f) Any such other relief that this Court deems appropriate and just under the circumstances.

Respectfully Submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO &CHRISTENSEN, P.A.
*Attorneys for Plaintiffs*
Phillips Point - East Tower
777 South Flagler Drive - Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

By: ______________________
Gerald F. Richman
Florida Bar No.: 0066457
Carol McLean Brewer
Florida Bar No.: 282626

and

The Consumer Advocacy Center
Lance A. Raphael, Esquire
25 East Washington
Suite 1805
Chicago, IL 60602
Telephone: (312) 782-5808
Telephone: (312) 656-4262
Facsimile: (312) 377-9930

THE LANGONE LAW FIRM
Christopher V. Langone, Esquire
25 East Washington
Suite 1805
Chicago, IL 60602

Adam J. Fishbein
Attorney at Law
165 EAB Plaza
West Tower - Sixth floor
Uniondale, New York 11556-0165

I:\LIBRARY\LITIG\ASSET CRE\PLEADING\COMPLA.F02

RECYCLED PAPER

# FINAL NOTICE

COLUMBIA AVENTURA HOSP & MEDICAL CENTER
P.O. BOX 1021
LOUISVILLE,KY. 40201
Address Service Requested

309202-729502442-F1

December 09, 1997

Re: Andrew Kaplan
Account Number: 000000020066130920
Discharge Date: 06/09/97

Balance Due : $4,453.67

******************AUTO**MIXED AADC 370
ANDREW KAPLAN 11478 C50 P1
16750 NE 10TH AVE # 30
NORTH MIAMI BEACH FL 33162-2600

Despite our efforts, we have been unable to obtain settlement of your account. You are legally obligated to pay for the services provided and we fully intend to pursue collection. We strongly urge that you avail yourself of this FINAL opportunity to settle your obligation.

Payment is expected within ten (10) days. Otherwise, your account may be referred to a collection agency without further notice.

Please immediately mail payment to the hospital. You may pay by check, money order, or credit card. Please write your account number on your payment to ensure proper credit and make checks payable to the hospital.

If payment has been made since the date of this letter, thank you.

COLUMBIA AVENTURA HOSP & MEDICAL CENTER
PATIENT ACCOUNT SERVICES
Toll Free: (800) 635-3526
(502) 572-3136
Hours : Mon-Fri 9am-9pm Sat 9am-1pm

Please Detach and Return This Portion With Your Payment.

December 09, 1997

P.O. Box 1021
Louisville, KY 40201

Andrew Kaplan
16750 NE 10th Avenue #30
North Miami Bea, FL 33162

Account Nbr:000000020066130920
Associated Accounts: 1
Amount Due: $4,453.67

Payment Amount Enclosed ➧ ____________

Credit Card Authorization (Please check one)

☐ MasterCard ☐ VISA ☐ DISCOVER ☐ American Express

Credit Card Number ______________ Exp. Date ______

Cardmember's Signature ______________ $ AMOUNT ______

SEND PAYMENT TO ADDRESS BELOW:

COLUMBIA AVENTURA HOSP & MEDICAL C
P. O. BOX 2910
HALLANDALE, FL 33008

KAPLAN ANDRE 000000200661309200000004453671

EXHIBIT A

RECYCLED PAPER

04-98 12:55P M F Mazquiaran 305 446 0436

ASSETCARE, INC.

9050 Pines Blvd
Suite 207
Pembroke Pines, FL 33024

JAN 21 1998

PHONE: 954-432-9655 (Broward)
305-620-4940 (Dade)
1-800-688-4940

743068 HSE 1 C18 P2
Andrew Kaplan
16750 NE 10th Ave
North Miami Beach FL 33162-2600

AVENTURA HOSPITAL AND MEDICAL CENTER
RE: ANDREW KAPLAN
RE #: 2006617
BALANCE: 4453.67

DEAR ANDREW KAPLAN,

Please be advised that this collection agency has been retained to collect the above referenced debt. Our client informs us that this account is seriously past due. We realize it may have been an oversight on your part and not an intentional disregard of an obligation.

To avoid further collection activity, please send your check or money order for the balance in full to the address below. If you cannot pay the balance in full at this time, contact our office at the address and/or phone number listed above.

Failure to respond to this letter will indicate that you have no intention of honoring this obligation and we will pursue further collection activity.

It is our practice to report unpaid debts with pricipal balances of $50 or more to Equifax, Experian and Trans Union credit information services to be posted as a collection account on your credit.

FOR PROPER CREDIT, PLEASE MAIL PAYMENT TO OUR CENTRALIZED PAYMENT PROCESSING CENTER AT THE ADDRESS SHOWN BELOW.

"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION."

PLEASE DETACH AND RETURN WITH YOUR PAYMENT

| | |
|---|---|
| YOU OWE | 4453.67 |
| ACCOUNT NO | 743068 |
| AMOUNT DUE | 4453.67 |

**CREDIT CARD AUTHORIZATION**
MASTERCARD (____) VISA (____)
CARD #:______________
EXPIRATION DATE:__________
PAYMENT AMOUNT:$__________
BANK NAME ON CARD:__________
SIGNATURE:______________

AssetCare, Inc. - Miami
PO Box 674806
Marietta GA 30006-0005

1
HSE

EXHIBIT B

RECYCLED PAPER

01-02-1900 08:54AM ... M TO 131 22022 P.05

9050 Pines Blvd
Suite 207
Pembroke Pines, FL 33024

MAR 23 1998

PHONE: (954) 620-4940
800-688-4940

743068 Jag 403 C241 P1
Andrew Kaplan
16750 NE 10th Ave
North Miami Beach FL 33162-2600

RE: AVENTURA HOSPITAL AND MEDICAL CENTER
PATIENT: ANDREW KAPLAN
RE #: 2006617
BALANCE: $4453.67
ADM DATE: 06/06/97

In an effort to assist you in resolving your account with AVENTURA HOSPITAL AND MEDICAL CENTER, we have been authorized to extend you a one time offer to settle your account as follows:

1. Pay the settlement amount of $3562.94 by APR 07 1998. This settlement has been calculated as follows: Outstanding Account Balance: $4453.67
Adjustment: $890.73
Settlement Amount: $3562.94

2. If you choose to accept this one time offer to settle your account, please return your payment with the stub below to: ASSETCARE, INC. - MIAMI
P.O. BOX 674806
MARIETTA, GA 30006-0005

If you would like to pay by credit card please call (954) 620-4940 or 1-800-688-4940.

This settlement offer only applies to the account listed above and does not apply to any other hospital accounts you may have. In the event you elect not to accept this offer our normal collection efforts will continue.

If you have any questions regarding this letter and the one-time settlement offer please call (954) 620-4940 or 1-800-688-4940.

Thank you for your attention to this matter and we sincerely hope you will take advantage of this offer.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This notice is from a collection agency.

Patient Representative

Joy Gill
Supervisor:
Mrs. Jean
Sara Cranshaw

For: ANDREW KAPLAN
Reference Number: 2006617
Account Number: 743068
Settlement Amount: $3562.94
Adjustment Amount: $890.73

Correct Address: ____________
City: ____________ State: ______ Zip: ___
Phone: ____________ SSN: ____________
Employer: ____________

AssetCare, Inc. - Miami
PO Box 674806
Marietta GA 30006-4806

Composite EXHIBIT C

TOTAL P.05

01-02-1900 08:54AM FROM TO 13127822022 P.04

9050 Pines Blvd
Suite 207
Pembroke Pines, FL 33024

ASSETCARE, INC.

MAY 15 1998

PHONE: 770-916-1948
800-233-0823

743068 4RE 21 C23 P1
Andrew Kaplan
16750 NE 10th Ave
North Miami Beach FL 33162-2600

RE #: 2006617
AVENTURA HOSPITAL AND MED 4453.67

DEAR ANDREW KAPLAN,

Since you have not responded to our efforts to work with you regarding payment of this account, you have left us no choice but to have your account reviewed for further collection activity.

If we do not hear from you within 10 days, we will assume that you have no intention of paying your debt and we will proceed accordingly.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This notice is from a collection agency.

Sincerely,

Account Representative

PLEASE RETURN LOWER PORTION WITH YOUR PAYMENT
FOR PROPER CREDIT, PLEASE MAIL PAYMENT TO OUR CENTRALIZED PAYMENT PROCESSING CENTER AT THE ADDRESS LISTED BELOW.

DETACH HERE

AMOUNT DUE 4453.67

ACCOUNT NUMBER 743068

TERMS: PAYMENT OF AMOUNT DUE UPON RECEIPT OF THIS STATEMENT.

DETACH HERE

**CREDIT CARD AUTHORIZATION**
MC _____ VISA _____ DISC _____
CARD #: ____________
EXPIRATION DATE: ____________
PAYMENT AMOUNT:$ ____________
BANK NAME ON CARD: ____________
SIGNATURE: ____________

AssetCare, Inc. - Miami
PO Box 674806
Marietta GA 30006-4806

9050 Pines Blvd
Suite 207
Pembroke Pines, FL 33024

ASSETCARE, INC.

JUN 05 1998

PHONE: 770-916-1948
800-233-0823

743068 4RE 29 C65 P1
Andrew Kaplan
16750 NE 10th Ave
North Miami Beach FL 33162-2600

RE#: 2006617
AVENTURA HOSPITAL AND MED 4453.67

DEAR ANDREW KAPLAN,

You have ignored our previous requests for payment in full on your seriously delinquent account, giving us no indication of your intention to pay.

We urge you to pay this account immediately. We want to give you the opportunity to resolve this account. Please send the balance in full on this account by return mail today.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This notice is from a collection agency.

Sincerely,

Account Representative

PLEASE RETURN LOWER PORTION WITH YOUR PAYMENT

FOR PROPER CREDIT, PLEASE MAIL PAYMENT TO OUR CENTRALIZED PAYMENT PROCESSING CENTER AT THE ADDRESS LISTED BELOW.

**CREDIT CARD AUTHORIZATION**
MC _____ VISA _____ DISC _____
CARD #: ____________________
EXPIRATION DATE: ____________
PAYMENT AMOUNT:$ ____________
BANK NAME ON CARD: __________
SIGNATURE: __________________

ACCOUNT #: 743068
RE: ANDREW KAPLAN
BALANCE: $4453.67

AssetCare, Inc. - Miami
PO Box 674806
Marietta GA 30006-4806

01-02-1900 08:53AM FROM TO 13127822022 P.03

9050 Pines Blvd.
Suite 207
Pembroke Pines, FL 33024

ASSETCARE, INC.

JUN 29 1998

PHONE: 954-432-9655 (Broward)
305-620-4940 (Dade)
1-800-688-4940

743068 4RB 21 C46 P1
Andrew Kaplan
16750 NE 10th Ave
North Miami Beach FL 33162-2600

RE #: 2006617
AVENTURA HOSPITAL AND MED 4453.67

DEAR ANDREW KAPLAN,

Since you have not responded to our efforts to work with you regarding payment of this account, you have left us no choice but to have your account reviewed for further collection activity.

If we do not hear from you within 10 days, we will assume that you have no intention of paying your debt and we will proceed accordingly.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This notice is from a collection agency.

Sincerely,

Account Representative

PLEASE RETURN LOWER PORTION WITH YOUR PAYMENT

FOR PROPER CREDIT, PLEASE MAIL PAYMENT TO OUR CENTRALIZED PAYMENT PROCESSING CENTER AT THE ADDRESS LISTED BELOW.

DETACH HERE

DETACH HERE

AMOUNT DUE 4453.67

ACCOUNT NUMBER 743068

TERMS: PAYMENT OF AMOUNT DUE UPON RECEIPT OF THIS STATEMENT.

**CREDIT CARD AUTHORIZATION**
MC ______ VISA ______ DISC ____
CARD #: ____________________
EXPIRATION DATE: ____________
PAYMENT AMOUNT: $ ___________
BANK NAME ON CARD: __________
SIGNATURE: __________________

AssetCare, Inc. - Miami
PO Box 674806
Marietta GA 30006-4806

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

99 - 412

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-DAVIS

MAGISTRATE JUDGE JOHNSON

**I. (a) PLAINTIFFS**

Andrew Kaplan, on behalf of himself and others similarly situated,

**DEFENDANTS**

Assetcare, Inc., a Georgia corporation, an Columbia/HCA Healthcare Corporation, a Tennessee corporation, d/b/a Columbia Aventura Hospital & Medical Center

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A: Dade 1:99CV0412 | Davis | LRJ

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gerald F. Richman, Esquire
Richman Greer Weil Brumbaugh, et al.
777 S. Flagler Dr., WPB, FL

ATTORNEYS (IF KNOWN)

99 FEB 16 PM 2:

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY) per secretary

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

LENGTH OF TRIAL
via____days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE: Feb. 16, 1999

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

$150.00 70579J

02/16/99