IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDREW KAPLAN,
on behalf himself and all others
similarly situated,

Plaintiff,

v.

ASSETCARE, INC., COLUMBIA/HCA
HEALTHCARE CORPORATION,
MIAMI BEACH HEALTHCARE GROUP, LTD.,
and COLUMBIA AVENTURA HOSPITAL
& MEDICAL CENTER,
and Does 1 through N,

Defendants.
_______________________________/

CASE NO.: 99-0412-CIV-GOLD

MAGISTRATE JUDGE JOHNSON

FILED BY ___ D.C.
99 JUL 23 PM 2:17
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**PLAINTIFFS' RESPONSE TO DEFENDANT ASSETCARE'S MOTION TO DISMISS AND MEMORANDUM OF LAW**

Plaintiff, Andrew Kaplan ("Kaplan"), through his counsel, responds to the motion of Defendant, Assetcare, Inc. ("Assetcare") to dismiss the First Amended Class Action Complaint ("Amended Complaint") and states:

## I. INTRODUCTION

Kaplan asserts a three-count class action Amended Complaint against Assetcare and other Defendants. Kaplan's three claims are based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et. seq. ("FDCPA"); the Florida Consumer Collection Practices Act, Fla. Stat. §§559.55 through 559.785 ("FCCPA"); and on a private right of action implied under §641.315 of Florida's Insurance Code, Fla. Stat. Chapters 624 through 632, 634, 635, 637, 638, 641, 642, 648 and 651.

Plaintiff alleges that Assetcare is a debt collector. Plaintiff alleges that, as part of Assetcare's debt collection activities, it violated the FDCPA, the FCCPA and §641.315 of the Insurance Code by attempting to collect from Kaplan and others in the proposed class, all HMO subscribers, payment for services covered by an HMO.

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1A

Assetcare challenges Kaplan's Amended Complaint on two grounds. First, Assetcare asserts that Kaplan has no private right of action under the Insurance Code. Second, it contends that Kaplan's FDCPA claims are barred by the one-year statute of limitations. Neither argument has merit.

## II. SUMMARY OF THE STATUTES

### FDCPA

The FDCPA provides, *inter alia*, that a debt collector may not use any false, deceptive or misleading representations or means in connection with the collection of any debt. See §1692e. Section 1692e(5) prohibits debt collectors from threatening to take an action which cannot legally be taken. Section 1692e(10) prohibits debt collectors from using false representations or deceptive means to collect or attempt to collect a debt. Section 1692(f) prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. It is a violation of §1692f(1) to collect any amount unless permitted by law.

### FCCPA

Section 559.72(9) of the FCCPA states that it is a violation for a debt collector to attempt to enforce a debt or legal right when such person knows the debt is not legitimate or the right does not exist. Section 559.552 provides that nothing in the FCCPA shall be construed to limit or restrict the continued applicability of the FDCPA to consumer collection practices in Florida, and that the FCCPA is in addition to the requirements and regulations of the FDCPA. Further, in the case of an inconsistency between the FCCPA and the FDCPA, "the provision which is more protective of the consumer or debtor shall prevail." §559.552. Section 559.77 provides a private right of action against a person violating the provisions of §555.72, and further provides for

actual or statutory damages.

**The Florida Insurance Code**

Florida's Insurance Code provides that no subscriber of an HMO shall be liable to any provider of health care services for any services covered by an HMO. Fla. Stat. §641.315(2). Section 641.315(3) provides further that no service provider or its representative shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO.

## III. FACTS ALLEGED IN THE AMENDED COMPLAINT

Kaplan does not expect that the facts alleged in his Amended Complaint are in dispute. Kaplan alleges that he was an HMO subscriber with Sunrise Healthcare (¶¶34-35).1 Kaplan received services at Columbia Aventura hospital, as a result of which Sunrise owed Columbia Aventura $4453.67 (¶¶36-37). Kaplan alleges that he met his deductible and co-payment obligations under his HMO agreement (¶39).2 Nevertheless, both Columbia Aventura and Assetcare sent letters to Kaplan demanding payment for the $4453.67 Sunrise owed to Columbia Aventura. These letters were sent on December 9, 1997 from Columbia Aventura; and on January 21, 1998, March 23, 1998, May 15, 1998 June 5, 1999 and June 29, 1998 from Assetcare (¶¶43-51).

## IV. ARGUMENT

### A. Kaplan Has a Private Right of Action Under Florida's Insurance Code.

Florida provides within its Unfair and Deceptive Trade Practices Act ("FDUTPA"), Fla. Stat. §§501.211 et. seq., that FDUTPA does not apply to "any person or activity regulated under

---

1 Paragraph references are to the Amended Complaint.
2 Assetcare argues that Kaplan's Amended Complaint "does not contain any allegations regarding the amount of the deductible or copayment," and therefore cannot determine whether the debt is subject to §641.315(3). Plaintiff's allegations must, for this motion, be taken as true.

law administered by the Department of Insurance..." Since the Insurance Code prohibits the acts complained of in Kaplan's Amended Complaint, those practices constitute a preempted "activity," as applied to any private right of action under FDUTPA.3

That Florida does not permit a private right of action under FDUTPA to redress wrongs under the Insurance Code does not mean, however, that no private right of action exists in Florida. Colonial Penn Communities Inc. v. Crosley, 443 So.2d 1030, 1032 (Fla. 5th DCA 1983) provides, as applied to a different provision of the Insurance Code:

> If the legislature fails to create an express statutory cause of action, courts will reluctantly imply such right *if the plaintiff is in the class of persons whom the statute is intended to protect.* Taggart [v. House Finance Group, Inc., 239 S.C. 345, 123 S.E.2d 250 (1961)] (emphasis added).

In Crosley, an insurance agent was attempting to assert a private right of action under the Insurance Code. The court found, however, that "the policyholders who purchased insurance...and not the agents who sold such policies, are the protected class," and would not order the insurance company to pay the commissions he sought.

In Kaplan's instance, the legislature failed to create an express statutory cause of action for Assetcare's violation of §641.315 of the Insurance Code. Sections (2) and (3) of §641.315, providing that HMO subscribers are not liable to pay for services covered by an HMO, and prohibiting service providers or their representatives from collecting or even attempting to collect from HMO subscribers money owed for HMO-covered services, *is intended to protect a class of HMO subscribers*. Kaplan, an HMO subscriber, is in the class of persons whom the statute is intended to protect. He therefore has an implied right of action under §§641.315(2) and (3) of

---

3 In many states, statutes prohibiting unfair and deceptive insurance practices or other state insurance regulations *do not* displace application of the state's unfair and deceptive practices act. See, e.g., Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791 (9th Cir. 1996) (Hawaii law); Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47 (2d Cir. 1992) (New York law); WVG v. Pacific Ins. Co., 707 F. Supp. 70

the Insurance Code.

**B. Kaplan's Claims Under the FDCPA and the FCCPA Are Plainly Viable.**

The FCCPA is liberally applied. As stated above, it provides a private right of action against any person violating the provisions of Fla. Stat. §555.72. Section 555.72(9) prohibits debt collectors form attempting to enforce a debt when the debt collector knows the debt is not legitimate or the right does not exist. Fla. Stat. §§641.315(2) and (3) provide that HMO subscribers are not liable to pay for services covered by an HMO, and expressly prohibit service providers or their representatives from collecting or attempting to collect from HMO subscribers money owed for HMO-covered services. Assetcare attempted to collect from an HMO subscriber money owed for HMO-covered services. Assetcare's right to collect that debt did not exist.

Similarly, the FDCPA prohibits debt collectors from using false, deceptive or misleading representations in connection with collecting a debt; taking actions which cannot legally be taken; using deceptive means to attempt to collect a debt; using unfair means to attempt to collect a debt; or collecting any amount unless permitted by law. See §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1). Assetcare's actions in attempting to collect a debt from Kaplan for which Kaplan was legally not liable, violates the FDCPA.

Kaplan's rights under the FCCPA and the FDCPA are unaffected by Kaplan's prerogative to maintain a private right of action under Florida's Insurance Code. It does not matter whether Kaplan, the Florida Insurance Commissioner, or both have the authority to enforce the underlying violation, Assetcare's attempt to collect a debt from a consumer for HMO-covered services. Because Assetcare's right to collect the purported debt did not exist, it violated the

---

(D.N.H. 1986).

FCCPA and the FDCPA when it attempted to collect an illegal debt.

**C. Kaplan's FDCPA Claim is Not Time-Barred**

Kaplan alleges that Assetcare sent him a series of letters, each attempting to collect a prohibited debt, and each violating the FDCPA. Assetcare argues that the first letter, sent on January 21, 1998, tolls the one-year statute of limitations. That is not the law, and the cases cited in Assetcare's brief, purportedly supporting its argument, do not so hold.

In Pittman v. J.J. MacIntyre Co. of Nevada, 969 F.Supp. 609 (D. Nev. 1997), the court faced a nearly identical situation to this action. The defendant began attempting to collect on a debt, allegedly in violation of the FDCPA, on June 6, 1992. The defendant continued its allegedly actionable communications for a period of several years. Plaintiffs filed their complaint on September 20, 1995. In rejecting the defendant's claim that plaintiffs' claim was time-barred under the FDCPA, the court found:

> [A]ny claims based on allegedly illegal communications by the defendant prior to September 21, 1994 are time-barred. However, the communications alleged in the supplemental complaint occurred on January 31, 1995, September 7, 1995 and September 25, 1995. These communications fall within the one-year limitations period. Thus, the statute of limitations does not preclude this court from asserting jurisdiction over the instant action.

Pittman at 611.

In this case, as well, Kaplan concedes that his action is time-barred as to Assetcare's letter of January 21, 1998. The statute of limitations does not, however, preclude this Court from asserting jurisdiction over this action based on Assetcare's later communications, dated March 23, 1998; May 15, 1998; June 5, 1998; and June 29, 1998.

The authorities cited by Assetcare are not in conflict with Pittman; they are just not on point. Sierra v, Foster & Garbus, 1999 WL 298630 (S.D.N.Y. May 11, 1999), distinguishes itself from this case. The Sierra court explained that, although plaintiff's claim was time-barred, at

least in part because of a settlement agreement, "[t]his is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred." Sierra at *2. In contrast, Kaplan's Amended Complaint is "a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only [one] of which is time-barred." See id. Calka v. Kucker, Kraus & Bruh, LLP merely held that new violations of the FDCPA did not accrue when defendants filed an amended complaint and a motion for summary judgment, a finding not relevant here. Finally, Maloy v. Phillips, 64 F.3d 607, 608, (11th Cir. 1995) holds that an FDCPA violation occurs, for purposes of the statute of limitations, on the date the collection letter was mailed, as opposed to the date the collection letter was received. Kaplan does not take issue with that holding; it simply has no bearing on the facts at hand.

## V. CONCLUSION

For the foregoing reason, Kaplan respectfully requests this Court to deny the motion to dismiss of Defendant, Assetcare.

Respectfully Submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO &CHRISTENSEN, P.A.
*Attorneys for Plaintiffs*
Phillips Point - East Tower
777 South Flagler Drive - Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

By: ______________________
Gerald F. Richman
Florida Bar No.: 0066457
Carol McLean Brewer
Florida Bar No.: 282626

and

Lance A. Raphael, Esquire
The Consumer Advocacy Center
25 East Washington
Suite 1805
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

Christopher V. Langone, Esquire
The Langone Law Firm
25 East Washington
Suite 1805
Chicago, IL 60602

Adam J. Fishbein, Esquire
165 EAB Plaza
West Tower - Sixth floor
Uniondale, New York 11556-0165

Kaplan v. AssetCare, Inc. et al.
Case No.: 99-412-CIV-GOLD
Magistrate Judge: Linnea R. Johnson

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Response to Defendant Assetcare's Motion to Dismiss and Memo Of Law was served via U.S. mail this 16th day of July, 1999 on William K. Hill, Esquire, Steel Hector & Davis, LLP, 200 South Biscayne Boulevard, Miami, FL 33131-2398 and Michele McNichol, Esquire, Katz, Barron, et al., 100 N.E. 3rd Avenue, Suite 280, Fort Lauderdale, FL 33301.

By: ______________________
Carol McLean Brewer